UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EARL HOWARD McCREARY,<br><br>           Petitioner,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security Administration,<br><br>           Respondent. | Case No. 1:19-cv-00219-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner brought this matter for judicial review of Respondent's denial of his application for a period of disability and disability insurance benefits. (Dkt. 1.) The Court has reviewed the Petition for Review, the parties' memoranda, and the administrative record (AR). For the reasons set forth below, the Court will affirm in part and reverse in part, and remand with instructions for a calculation and payment of benefits for the period after Petitioner reached 55 years of age.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On December 7, 2017, Petitioner protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of December 12, 2012. AR 15. Petitioner's application was denied upon initial review and on reconsideration. AR 16. A hearing was held before Administrative Law Judge (ALJ) Christopher Inama on October 3, 2018. AR 37 - 63. The ALJ heard testimony from Petitioner and a vocational expert. *Id.* On January 24, 2019, the ALJ issued a written decision finding Petitioner was not under a disability from December 12, 2012, through December 31, 2017, the date last insured, and found Petitioner was not disabled. AR 15 – 31. The Petitioner timely requested review by the Appeals Council, which denied his request for review on April 9, 2019. AR 1 – 3.

Petitioner timely appealed this final decision to the Court on June 17, 2019. (Dkt. 1.) The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g). At the time of his alleged disability onset date of December 12, 2012, Petitioner was fifty-two years of age. On the date last insured, Petitioner was fifty-seven years of age. Petitioner has a bachelor's degree in information technology management and supply chain management, which he obtained from Boise State University (BSU) in May of 2016. AR 42. Petitioner has past work in various skilled positions as a senior products support engineer and a field service engineer, and also as a real estate agent. AR 29, 43.

**MEMORANDUM DECISION AND ORDER - 2**

## ISSUES FOR REVIEW

A. Whether the ALJ reasonably weighed Petitioner's subjective symptom testimony?

B. Whether the ALJ erred in finding Petitioner not disabled because he could perform two occupations that existed in significant numbers in the economy?

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision, unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

Here, the ALJ found Petitioner has the following medically determinable, severe impairments: cervical degenerative disc disease, status post fusion x2; status post total right hip arthroplasty; and post-traumatic stress disorder. AR 17. Based on the limitations caused by these impairments, the ALJ assessed Petitioner as able to perform light work, with some exertional and non-exertional limitations. AR 21. Relying on vocational expert testimony, the ALJ found Petitioner could not perform his past relevant work, either as a real estate agent or with respect to his work as an engineer, which the vocational expert testified consisted of a composite job covered by the following jobs identified in the Dictionary of Occupational Titles: Field Service Engineer, DOT 638.261-018, and Standards/Practices Analyst, DOT 131.267-026. However, the ALJ found that Petitioner had acquired work skills from his past relevant work such that he could perform the jobs of Standards/Practices Analyst and Policy Writer. AR 29 – 30. Accordingly, the ALJ determined at step five that Petitioner was not disabled under the framework of Medical-Vocational Rule 202.15 and Rule 202.07. AR 30.

A.   **Symptom Testimony**

Petitioner contends that the ALJ erred by rejecting Petitioner's subjective symptom testimony concerning his disrupted sleep schedule, which Petitioner testified would result in him missing an average of five to six days each month from a full-time job. AR 52 – 53. If this testimony was credited, either in whole or in part, the vocational expert testified absences in excess of one day each month would preclude work,

**MEMORANDUM DECISION AND ORDER - 4**

mandating a finding of disabled. AR 61.

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Trevizo*, 871 F.3d at 678 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014); 20 C.F.R. § 404.1529 (Mar. 27, 2017)). When doing so, "the claimant need not show that [his or] her impairment could reasonably be expected to cause the severity of the symptom [he or] she has alleged; [he or] she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ may discredit the claimant's testimony about the severity of his or her symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo*, 871 F.3d at 678; *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). It is "not sufficient for the ALJ to make only general findings; he [or she] must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 345, at 345-46 (9th Cir. 1991)).

**MEMORANDUM DECISION AND ORDER - 5**

When evaluating the intensity and persistence of symptoms, the ALJ must consider all of the evidence in the record. *See* SSR 16-3p (March 16, 2016), 2016 WL 1119029 at *1-2.[1] The ALJ is directed to examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*. at *4.

The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the record. *See id*. at *6-7.

The ALJ's decision may be upheld even if not all of the ALJ's reasons for

---

[1] SSR 96-7p was superseded by SSR 16-3p, which eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to evaluate the record as a whole. *Trevizo*, 871 F.3d at 679 n.5.

**MEMORANDUM DECISION AND ORDER - 6**

discrediting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Security Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, make an adverse finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Rather, an ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain" or other symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). But the ALJ may not reject subjective pain or other symptom testimony merely because it was not fully corroborated by objective medical evidence. *Robbins,* 466 F.3d at 883.

      Petitioner testified that he had severe sleep disturbance, anxiety, nightmares and irritability in the afternoons consistent with what he believed were symptoms of attention deficit hyperactivity disorder. AR 26. At the hearing, Petitioner testified that poor sleep interfered with his concentration and attention. AR 51. He testified also that interrupted sleep caused him depression and anxiety to the point he was not functional. AR 52. Petitioner estimated he would miss up to six days of work each month as a result. AR 52 – 53.

      The ALJ found that Petitioner's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Petitioner's statements concerning the intensity, persistence, and limiting effects of these symptoms were not consistent with the evidence in the record. AR 23. The ALJ considered not only Petitioner's testimony concerning his disrupted sleep, but also his testimony about the

limitations allegedly caused by his physical and mental impairments.[2] The ALJ rejected Petitioner's subjective symptom testimony for a number of reasons, relying upon benign physical examination findings; reports of improvement in symptoms; objective medical evidence (x-ray and MRI) showing no acute abnormalities; Petitioner's self-reports indicating he was in no pain and had no exercise intolerance; and his testimony that he planned to resume his normal activities. AR 23 – 24.

With respect to Petitioner's testimony, specifically concerning disrupted sleep, the ALJ noted Petitioner's treating physician made significant medication modifications in May of 2017 to help with sleep difficulties. AR 27. The ALJ pointed out that later treatment notes reflected Petitioner was exhibiting an euthymic mood, and that his treating physician continued to note Petitioner's mental status was within normal limits. AR 27. The ALJ noted Petitioner reported that, as of March 13, 2018, his sleep remained difficult but he reported that he was "otherwise doing well." AR 26. The ALJ remarked that, in April of 2018, Dr. Lewer's mental status examination findings described Petitioner as alert and oriented, with normal mood, judgment and insight. AR 27. Further, the ALJ noted that numerous mental status examinations throughout the record described Petitioner as alert, oriented, and exhibiting a congruent mood and affect as well as logical thought content. AR 26. Based upon this evidence, the ALJ concluded that there was no medical support for assessing limitations related to understanding, remembering, or

---

[2] Petitioner did not challenge the ALJ's other determinations regarding Petitioner's subjective symptom testimony, resulting in waiver. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n. 3 (9th Cir. 2004) (issues not raised in opening brief are typically deemed waived).

**MEMORANDUM DECISION AND ORDER - 8**

applying information, and no more than mild limitations with regard to concentrating, persisting, or maintaining pace. AR 27.

The ALJ referenced also Petitioner's testimony that he would have excessive absences, observing that, while the record reflected sleep difficulties, Petitioner nonetheless graduated from BSU with two majors. AR 28. The ALJ rejected the opinion of Della Chipman, LCSW, dated September 21, 2018, in which she maintained that Petitioner had difficulty getting out of bed on some days. AR 28.

The ALJ found that the overwhelming weight of the medical evidence supported a determination that the degree of severity or limitation described by Ms. Chipman and by Petitioner was unpersuasive and unsupported by objective medical evidence. Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective symptom testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ considered the objective medical evidence as a whole, which indicated Petitioner demonstrated no gross abnormalities and generally had normal mental status examinations over the course of multiple years, which the ALJ considered inconsistent with Petitioner's reports of irritability, depression and anxiety as a result of his sleep disturbance. Further, the ALJ found that Petitioner's ability to attend university and graduate with two majors was inconsistent with Petitioner's claims that he would miss, on average, five to six days of work each month.

The Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record as a whole for rejecting Petitioner's subjective

symptom testimony related to his allegations that his poor sleep interfere with concentration and attention, and would cause excessive absences. The ALJ identified the evidence that undermined the severity of Petitioner's subjective symptom testimony, and discussed the evidence that contradicted Petitioner's testimony. "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation ... and those findings are supported by substantial evidence in the record, [the Court's] role is not to second-guess that decision." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The Court therefore finds that the ALJ's evaluation of Petitioner's subjective symptom testimony and his rejection of Petitioner's allegations is supported by substantial evidence in the record. Consequently, the Court finds the ALJ's determination that Petitioner was not disabled under Medical-Vocational Rule 202.15 free from legal error.

**B.   Significant Work**

Petitioner was fifty-two years of age on the alleged disability onset date of December 12, 2012, and fifty-seven years of age on December 31, 2017, the date last insured. An individual who has reached fifty-five years of age is considered a "person of advanced age." 20 C.F.R. § 404.1563(e).[3] Here, the ALJ determined Petitioner possessed transferrable skills, and could perform other occupations with jobs existing in significant

---

[3] The ALJ incorrectly stated that, on Petitioner's date last insured, he was considered an individual "closely approaching advanced age." AR 29. Respondent concedes that once Petitioner reached age fifty-five, he was considered to be of advanced age. Resp. Brief at 7 n. 3.

**MEMORANDUM DECISION AND ORDER - 10**

numbers in the national economy. AR 30. The ALJ identified two jobs, and therefore found Petitioner not disabled under Medical-Vocational Rule 202.15 and 202.07.

Petitioner argues the Commissioner did not meet his burden at step five to show that Petitioner could perform other work that exists in significant numbers in the national economy, because the ALJ identified only two jobs Petitioner could perform. Petitioner asserts the ALJ's identification of only two jobs is insufficient under *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).[4] In that case, the Court of Appeals for the Ninth Circuit held that a claimant of advanced age with transferrable skills who can no longer perform relevant past work is considered disabled if his skills are not readily transferable to a "significant range of semi-skilled or skilled work" within the individual's RFC. The court held the identification of only one occupation that the claimant could perform did not constitute a significant range of work, and therefore Rule 202.00(c) directed a finding of disability in that case. *Id.* at 1117.

Recently, the Ninth Circuit considered the question of whether the identification of two occupations is sufficient to satisfy the "significant range of work" requirement to find an individual with transferrable skills who had reached advanced age not disabled under Medical-Vocational Rules 202.00(c) and 202.07. *Maxwell v. Saul*, 971 F.3d 1128

---

[4] Petitioner challenges also the ALJ's transferrable-skill determination. The Court does not reach this alternative argument based upon the holding in *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020), as explained below.

**MEMORANDUM DECISION AND ORDER - 11**

(9th Cir. 2020).[5] The court held that the ALJ correctly determined that grid Rule 202.07 applied to an individual of advanced age limited to light work, who could no longer perform past relevant work, but who had transferable skills. 971 F.3d at 1131. The court expanded its holding in *Lounsburry*, holding that the identification of two occupations does not constitute a significant range of work under Rule 202.00(c) to support a finding of disability under Rule 202.07. *Id.* The court therefore remanded the matter with instructions for the payment of benefits for the period after the claimant had reached fifty-five years of age. *Id.* at 1132.[6]

Consistent with *Maxwell*, the Court finds the ALJ's conclusion that Petitioner was not disabled under Rule 202.07 is erroneous as a matter of law. The identification of two occupations does not satisfy the "significant range of work" requirement of Rule 202.00(c) for an individual of advanced age with transferrable skills who is limited to light work.

## CONCLUSION

Petitioner asks the Court to remand for an award of benefits on the basis of the record. Consistent with the Court's analysis regarding Petitioner's subjective symptom testimony and with *Maxwell*, the Court finds the ALJ correctly found Petitioner was not

---

[5] Petitioner noted that *Maxwell* was pending at the time he submitted his opening brief, and that the holding could be dispositive. Pet. Brief at 9 n.3. (Dkt. 21.) *Maxwell* was decided on August 24, 2020.

[6] The court noted counsel conceded at oral argument that the claimant was not disabled in the period before she reached age 55, on the basis that Rule 202.15 directed a finding that a clamant closely approaching advanced age with transferrable skills who was limited to light work would not be disabled. *Id.* at 1132 n.

**MEMORANDUM DECISION AND ORDER - 12**

disabled for the period prior to reaching age 55, pursuant to Rule 202.15. However, for the period after Petitioner reached 55 years of age, remand for an award of benefits is appropriate pursuant to *Maxwell*.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Petitioner's Petition for Review (Dkt. 1) is **GRANTED IN PART.**

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: November 16, 2020

Honorable Candy W. Dale
United States Magistrate Judge