UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EARL HOWARD McCREARY,<br><br>        Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security Administration,[1]<br><br>        Respondent. | Case No. 1:19-cv-00219-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

On November 16, 2020, the Court remanded this case for an award of benefits for the period of time after Petitioner reached 55 years of age, pursuant to *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020). (Dkt. 24, 25.) On February 17, 2021, the Court granted Petitioner's stipulated motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,196.52, plus costs in the amount of $650.00.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the respondent in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner's counsel now moves for attorney fees in the amount of $28,231.50 pursuant to 42 U.S.C. § 406(b) and the Petitioner's contingent fee contract. (Dkt. 29.) On remand, Petitioner was awarded $112,926.00 in past due benefits. Twenty-five percent of the award ($28,231.50) is being withheld by the Social Security Administration for payment of attorney fees. (Dkt. 29-2.) If awarded the requested attorney fees under Section 406(b), Petitioner's counsel will reimburse Petitioner the $3,196.52 EAJA fee award. Petitioner's counsel thus seeks net attorney fees in the amount of $25,034.98. Based upon these figures, the requested net Section 406(b) attorney fees represent approximately 22% of Petitioner's past due benefits.

Respondent objects to the requested amount of attorney fees, arguing the award results in a windfall to counsel because the billing records submitted by Petitioner's counsel reflect 15.5 hours of attorney time spent litigating this matter before the Court. Thus, based upon the gross amount requested, Respondent argues the requested fees result in too high of an hourly rate, and are an unreasonable windfall. The requested gross amount in fees divided by 15.5 hours of work equates to an hourly rate of $1,821.39 ($28,231.50 ÷ 15.5 = $1,821.39). Based upon the net amount requested, the hourly rate equates to $1,615.16 ($25,034.98 ÷ 15.5 = $1,615.16). Respondent contends the fee award should be reduced to an effective hourly rate of $1,400.00 resulting in a fee award of $21,700.00 for the 15.5 hours of work completed by Petitioner's counsel.

In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the motion will be

**MEMORANDUM DECISION AND ORDER - 2**

decided on the record. Dist. Idaho L. Rule 7.1(d). For the following reasons, Petitioner's motion will be granted.

## LEGAL STANDARD

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a successful petitioner represented by an attorney in a case under Title II of the Social Security Act "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Unlike fee-shifting provisions, the fee is paid by the Petitioner out of the past-due benefits awarded, and Respondent is not responsible for payment to the attorney. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys representing claimants in matters before the Social Security Administration routinely enter into contingent-fee agreements specifying that the attorney's fee will be 25% of any past-due benefits recovered, thereby providing the attorney the statutory maximum of fees if the representation is successful. *See Gisbrecht*, 525 U.S. at 803. The Supreme Court in *Gisbrecht* provided the following guidance for determining whether the requested 25% fee is reasonable. First, the Court must "respect the primacy of lawful attorney-client fee agreements, looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808.) A fee resulting from a contingent-fee agreement is unreasonable, and therefore subject to reduction by the Court, if the attorney provided

**MEMORANDUM DECISION AND ORDER - 3**

substandard representation; engaged in dilatory conduct so as to increase the accrued amount of past-due benefits; or the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

As an aid to the Court's assessment, but "not as a basis for satellite ligation," the Court may require counsel to provide a record of the hours worked and counsel's regular hourly billing rate for noncontingent cases. *Id.* It is the attorney's burden to establish that the fee sought is reasonable. *Id.* The Court has considerable discretion when evaluating a request for a contingent fee under Section 406(b). *Id.* at 1149. "The question is whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.*

## ANALYSIS

Applying the test mandated by *Gisbrecht*, the Court finds counsel has demonstrated that the fees requested are reasonable. Petitioner agreed to pay attorney fees not to exceed 25% of the past-due benefits awarded. Petitioner was awarded $112,926.00 in past due benefits, and the requested fee award is not more than 25% of the same. Petitioner has not raised an objection to the fee.

Next, the Court considers the *Gisbrecht* factors to determine whether a downward adjustment is appropriate in this case. Petitioner's counsel achieved good results for Petitioner, his representation was professional, and there was no delay attributable to Petitioner's counsel. The issue presented by Respondent is whether Petitioner's counsel will receive a windfall. Counsel submitted time records indicating he spent 15.5 hours litigating this case before the Court. Respondent argues this results in an unreasonably

**MEMORANDUM DECISION AND ORDER - 4**

high hourly rate. The Court notes, however, that Petitioner's counsel engaged in efficient billing practices, and limited the issues presented for review in the Petition rather than presenting the Court with a laundry list of alleged errors corresponding to each step of the sequential analysis.

For instance, Petitioner's counsel did not bill for paralegal time, for time spent reviewing emails, and the like. Petitioner's counsel was also well versed in the law, and he did not spend excessive time performing unnecessary legal research. Considering the Administrative Record was over 3,000 pages, (Dkt. 16), Petitioner's counsel narrowly tailored the request for review to two issues. Some practitioners in this district choose to litigate additional arguments that have little basis in law or fact. This practice takes more time and effectively reduces counsel's hourly rate, but does little to promote justice or efficiency.

Respondent is critical of the hourly rate in relation to the time spent, characterizing the winning issue presented in this case as "not particularly complex" because Petitioner's counsel had already developed the prevailing legal argument in a separate Ninth Circuit case.[2] However, the Court notes that similar contingent fee awards have been approved recently not only in the District of Oregon, where Petitioner's counsel practices, but also in the District of Idaho. *See, e.g.*, *Edgar v. Comm'r Soc. Sec.*, No.

---

[2] Petitioner's counsel notified the Court that the outcome of *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020), which was decided on August 24, 2020, would be dispositive of one of the two issues raised in this matter. The Court relied upon the holding in *Maxwell*, finding in favor of Petitioner and remanding for an award of benefits for the period after Petitioner reached fifty-five years of age.

**MEMORANDUM DECISION AND ORDER - 5**

3:14-cv-0267-SI (D. Or., Order, June 5, 2018) (approving a contingent fee award of $16,380 that equated to an hourly rate of $1,820 based upon the net amount of attorney fees withheld from past due benefits under section 406(b)); *Witmuss v. Berryhill*, No. 1:18-cv-00535-CWD (D. Idaho, Order, Feb. 16, 2021) (awarding contingent fee of $24,108.75 under section 406(b)).[3] The Court declines Respondent's invitation to penalize counsel because he utilized his expertise, developed in another case, to achieve favorable results here.

Further, the Court does not find the Ninth Circuit's unpublished decision in *Biggerstaff v. Saul*, 840 Fed. Appx. 69 (Dec. 11, 2020), persuasive of Respondent's argument for reduction of the hourly rate.[4] In that case, although the contingency fee fell within the 25% cap, the court upheld the district court's decision to reduce the award. There, however, the petitioner was awarded $260,436.00 in past-due benefits, with 25% of that sum equating to $65,109.00. Counsel spent 18.2 attorney hours and 5.2 paralegal hours on the case, for an hourly rate of $2,782.43. The court in that case examined past reported median rates awarded in similar cases, and explained that the "significant disparity" weakened counsel's argument that the requested fee was reasonable. *Id.* The court therefore reduced the hourly rate to $1,400.00, for a total reduced fee award of

---

[3] Petitioner's counsel in *Witmuss* expended over 50 hours. Billing records reflected time spent reviewing letters, performing clerical tasks, summarizing exhibits, and drafting a lengthy, overlength brief. There is no reason the Court should award a similar contingent fee award in that case, rewarding practitioners who choose to raise multiple issues for review and bill accordingly, yet penalize counsel here when he efficiently and effectively presented two discrete issues for review.

[4] Respondent cited *Biggerstaff,* as well as several decisions from the District of Oregon. The Court notes that the additional cases Respondent relied upon to support his argument that the effective hourly rate should be reduced were decided in 2011 and 2013. Response at 3. (Dkt. 30.)

**MEMORANDUM DECISION AND ORDER - 6**

$32,760.00, and provided a "concise but clear explanation of its reasons for the fee award." *Biggerstaff*, 840 Fed. Appx. at 71. Here, in contrast, the fee award does not result in a significant disparity between the hourly rate awarded and reported rates awarded in similar cases.

Based upon its analysis of the *Gisbrecht* factors, the Court does not find that a downward adjustment of Petitioner's contingent fee award is warranted.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Petitioner's Motion for Attorney Fees (Dkt. 29) is **GRANTED**.

2) Petitioner is awarded attorney fees in the amount of $28,231.50 pursuant to 42 U.S.C. § 406(b), to be paid out of the sums withheld by the Commissioner from Petitioner's benefits. Payment must be made by Respondent to Petitioner's attorney, Kevin Kerr, Kerr Robichaux & Carroll, P.O. Box 14490, Portland, OR 97293.

3) Upon receipt of the above payment, Petitioner's counsel must refund the previously awarded EAJA fees in the amount of $3,196.52 directly to Petitioner.

DATED: July 28, 2021

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**